UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN C. MCFARLAND,

        Plaintiff,

        v.

SEARS HOLDINGS MANAGEMENT, et al.,

        Defendants.

_____/

No. C 11-4587 PJH

**ORDER DENYING MOTION TO VACATE JUDGMENT**

    Before the court is the motion of plaintiff Glenn C. McFarland for an order pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion.

## BACKGROUND

    On March 29, 2013, the court issued an order granting the motion of defendant Orchard Supply Hardware ("OSH") for partial summary judgment, as to plaintiff's claims of age discrimination under the federal Age Discrimination in Employment Act ("ADEA") and the California Fair Employment and Housing Act ("FEHA"). In the order, the court noted that OSH had not moved for summary judgment as to the FEHA claim of failure to prevent discrimination, and directed OSH to do so. OSH filed the motion on April 5, 2013, and plaintiff filed a notice of non-opposition. The court issued an order on April 26, 2013, granting the motion. Also on April 26, 2013, the court issued a final judgment.

On May 1, 2013, plaintiff filed the present motion to alter or vacate the judgment, claiming he has newly-discovered evidence that is sufficient to create a triable issue of fact as to whether the reasons given by OSH for his termination were pretextual.

**DISCUSSION**

A. Legal Standard

Under Rule 60(b)(2), a court may consider "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]." Fed. R. Civ. P. 60(b)(2). To obtain relief from judgment based on newly discovered evidence, the plaintiff must show that the evidence existed at the time of the trial, could not have been discovered through due diligence, and was of such magnitude that production of it earlier would have been likely to change the disposition of the case. Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

Evidence is not newly discovered if it was in the moving party's possession or the moving party could have, with due diligence, discovered and produced the evidence to the court prior to, or at the time of, the hearing. Frederick S. Wyle Prof'l Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985); see also School Dist. No. 1J, Moltnomah Cnty, Or., v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

B. Plaintiff's Motion

Plaintiff claims that he "discovered" a copy of his 2008 performance review after the court issued the March 29, 2013 order. Plaintiff asserts that his supervisor gave him an unsigned copy of the review and said that a signed copy would be placed in his personnel file, but that the signed copy was never placed in the file. Moreover, he contends, OSH did not produce the 2008 review during discovery, even though a proper request was made for all personnel records.

This 2008 review shows above-average ratings in all categories, with an overall average grade of 3.35, and plaintiff asserts that one of the other leads who was not laid off pursuant to the reduction in force ("RIF") – Nina Loo – had an average score in 2008 of 2.9. Plaintiff contends that the 2008 review establishes that he was in fact performing his job

satisfactorily, and also shows that the "Employee of the Month" award was thus not an incentive, but a recognition of exceptional performance.

Plaintiff claims that the reason the 2008 review was not available at the time he filed his opposition to OSH's motion for summary judgment was that he had "misplaced" it – he had "mistakenly put it in a storage box that contained non-Orchard Supply Hardware documents." Plaintiff claims that he moved before the complaint in this action was filed, and that he thought all his OSH documents were in one box – though, as it turned out, they were not.

In opposition, OSH argues that plaintiff has not met his burden of showing that his 2008 performance review should be considered "newly discovered evidence." OSH notes that while plaintiff claims he found the 2008 review after the court issued the March 29, 2013 order, plaintiff's own declaration and deposition testimony show that he had this document in his possession and had located it before OSH filed its motion for summary judgment, yet failed to produce it in response to discovery requests, and failed to submit it as evidence in support of his opposition to the motion.

In his declaration, plaintiff states that he received the unsigned review in June 2008. Plaintiff was terminated pursuant to the RIF in February 2009. He filed the present action in September 2011. In February 2012, OSH requested, as part of discovery, all documents plaintiff received from OSH during his employment, including any documents containing any statement from any person concerning his employment and any documents that substantiated the allegations in the complaint. OSH asserts that plaintiff's unsigned review should have been included with his initial disclosures (provided on March 2, 2012) and subsequent discovery responses (provided on March 27, 2012). In his deposition, plaintiff testified that he moved to Roseville, California on June 15, 2012, and that the move had been "in the works" since May 2012.

OSH argues that in claiming that when he moved, he "mistakenly put [the review] in a storage box that contained non-Orchard Supply Hardware documents[,]" plaintiff in effect is admitting that he had the 2008 review in his hands prior to the time he provided

3

discovery responses (more than two months before he moved), and well before OSH filed its motion for summary judgment. Thus, OSH asserts, the document should have been produced to OSH, and should have been submitted with plaintiff's opposition to the motion.

OSH argues that simply "misplacing" evidence does not provide a sufficient basis to demonstrate the exercise of due diligence for purposes of a motion for reconsideration. OSH contends that plaintiff had an affirmative duty at the time of discovery to make a supplemental production of documents, and that he failed to do so, instead putting the review in a box at the time he moved to Roseville.

In addition, OSH argues that the review is not admissible or credible, since the date plaintiff supposedly received it does not appear anywhere on the document, and it is not signed by anyone at OSH. OSH asserts that even if the review is admissible, it does not create a triable issue of fact as to whether OSH's legitimate, non-discriminatory reason for terminating plaintiff was a pretext for discrimination, as it does not constitute "specific" and "substantial" evidence of pretext.

In particular, OSH notes that the 2008 review does not rebut the testimony of plaintiff's manager (Stephen Hill), the former store manager (Kevin Twomey), or plaintiff's co-workers – all of whom testified that they considered plaintiff to be a low-performing department lead. OSH asserts further that the 2008 review does not rebut the evidence that OSH's HR department found Hill's rankings of department leads to be fair and accurate. OSH argues that plaintiff's reference to Nina Loo's 2007 evaluation is irrelevant, and does not demonstrate that OSH's articulated reason for terminating plaintiff was pretextual, and that in any event, plaintiff previously testified that he did not have an opinion regarding whether Loo's rating was incorrect. Finally, OSH contends that the 2008 review does not support plaintiff's claim that the employee of the month award is only given for exceptional performance (in contradiction to Hill's testimony that he gave plaintiff the award as an incentive).

In reply, plaintiff asserts that pursuant to California Government Code § 12946, OSH "was required by law" to retain all the performance evaluations, and that when a party

4

having a legal duty to maintain specified documents claims to have lost them, "law and equity require redress."[1]  Plaintiff contends that he is not the one who should be penalized for OSH's loss of the review.  He asserts that he is not making a claim under § 12946, but rather is simply arguing that OSH's failure to maintain the evaluation severely prejudiced him, and that his own failure to locate it should not be punished.

Plaintiff also contends that the review is admissible – that the fact that it is not signed is not significant, as OSH can easily locate Richard Chow (the assistant manager who issued the review) for confirmation.

Finally, plaintiff argues that the 2008 review does prove pretext.  He claims that when added to the fact that Hill never worked with plaintiff (according to plaintiff), and that plaintiff had received praise in prior performance evaluations, this 2008 review should "tip the scale in [p]laintiff's favor."  He contends that OSH cannot deny that he was awarded the "Employee of the Month" award just one month before he was ranked at the bottom of the leads and terminated.

As for Nina Loo, plaintiff asserts that regardless of whether one considers her 2007 ranking or her 2008 ranking, she still ranked lower than plaintiff.  He claims that when he testified at his deposition that he did not have an opinion regarding her performance, that was because he did not know at that time that she received an inferior evaluation.

Plaintiff also contends that the 2008 evaluation demonstrates that the "Employee of the Month" award was for performance.  Plaintiff notes that his department performed exceptionally well in 2008, outperforming every other department in the store and most similar departments throughout the chain.  He claims that because the 2008 results would

---

[1]   Under California Government Code § 12946, it is an unlawful practice for employers

> to fail to maintain and preserve any and all applications, personnel, . . . or employment . . . records and files for a minimum period of two years after the records and files are initially created or received, or for employers to fail to retain personnel files of applicants or terminated employees for a minimum period of two years after the date of the employment action taken.

Cal. Gov't Code § 12946.

1 have been available in January 2009, the "inference from the proximity in time" is that the
2 "Employee of the Month" award was for performance.

3      The court finds that the motion must be DENIED. Regardless of whether OSH
4 failed to maintain all the personnel records, plaintiff was given a copy of the 2008 review,
5 and had it in his possession at the relevant time. Simply "misplacing" evidence does not
6 provide a sufficient basis to demonstrate the exercise of due diligence for purposes of a
7 motion for reconsideration. See Coastal Transfer Co. v. Toyota Motor Sales U.S.A., 833
8 F.2d 208, 211 (9th Cir. 1987). Thus, the review cannot be considered "newly discovered"
9 evidence.

10      As for whether the 2008 review is sufficient to establish a triable issue as to pretext,
11 the court finds that the review does not constitute "specific" or "substantial" evidence that
12 OSH's articulated reason for terminating plaintiff (the need to eliminate positions pursuant
13 to the RIF) was a pretext for discrimination. Under the Ninth Circuit standard, where (as
14 here) there is no direct evidence of discriminatory motive, evidence of pretext must be
15 "specific" and "substantial" to create a triable issue. See Bodett v. CoxCom, Inc., 366 F.3d
16 736, 743 (9th Cir. 2004); Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1222 (9th Cir.
17 1998).

18      The evidence cited by the court in the March 29, 2013 order to support a finding of
19 no pretext included the testimony of OSH's Director of Human Resources (Jay Keith), the
20 Mountain View store manager (Hill), and two assistant managers (Daryl Hirohama and Rick
21 Himan) that plaintiff's age was not a factor in determining to conduct the RIF, in determining
22 his ranking, or in the decision to lay him off. It is undisputed that when Hill ranked the
23 department leads at the Mountain View store, he was unaware that the purpose of the
24 ranking was to provide a basis for OSH's decision regarding the implementation of a RIF.

25      Moreover, as the court noted, plaintiff provided no evidence that he should not have
26 been ranked as low as he was in comparison with the other leads. The court found that the
27 statistics cited by plaintiff were insufficient to create a triable issue, and that his subjective
28 assumptions regarding the rankings were irrelevant. See March 29, 2013 Order at 15-17.

6

**CONCLUSION**

In accordance with the foregoing, the motion is DENIED. The hearing on the motion, previously set for June 12, 2013, has been VACATED.

**IT IS SO ORDERED.**

Dated: June 5, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge